UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SHELDON STONE, AS TRUSTEE OF THE STONE :
FAMILY TRUST, : 14 Civ. 6494 (PAE)
:
Petitioner, : OPINION & ORDER
:
v. :
:
THEATRICAL INVESTMENT CORP. and JON :
PLATT, :
:
Respondents. :
:
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On August 14, 2014, petitioner Sheldon Stone, in his capacity as Trustee for the Stone Family Trust ("SFT"), filed a petition to confirm an arbitration award. Dkt. 2. On September 11, 2014, respondents Jon Platt and Theatrical Investment Corp. (collectively, "TIC") moved to vacate the arbitration award. Dkt. 12. On December 2, 2014, after full briefing, the Court granted SFT's motion and denied TIC's motion. Dkt. 25 ("December 2 Opinion"). The Court then issued a judgment on December 16, 2014, Dkt. 31, and an amended judgment on December 19, 2014, Dkt. 35. The Court assumes familiarity with the underlying facts of this case and with the Court's December 2 Opinion. *See Stone v. Theatrical Inv. Corp.*, No. 14 Civ. 6494 (PAE), 2014 WL 6790262 (S.D.N.Y. Dec. 2, 2014).

On January 13, 2015, TIC moved for reconsideration. Dkt. 37. TIC has newly identified a two-year-old unpublished decision in which the New York Supreme Court for New York County vacated an arbitration award because the arbitrator had appointed a receiver. *Id.* Ex. A (March 21, 2013 decision in *Pursuit Capital Mgmt. v. Claridge Assoc., LLC*, No. 12 Civ.

Case 1:14-cv-06494-PAE Document 38 Filed 01/14/15 Page 2 of 4

654301). TIC argues that this decision is "controlling" and requires the Court to vacate the arbitration award at issue here. For the following reasons, TIC's motion for reconsideration is denied.

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

An unpublished opinion of a state lower court is not controlling authority. First, although New York law permits citation to unpublished opinions, *see Monarch Consulting, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 993 N.Y.S.2d 275, 288 (2014) (citing 22 N.Y. Comp. Codes R. & Regs. 600.10), such decisions are not binding legal authority, *see, e.g., In re O'Brien*, 299 B.R. 725, 730 (S.D.N.Y. 2003). Second, "while the decrees of lower state courts should be attributed some weight . . . the decision [is] not controlling . . . where the highest court of the State has not spoken on the point." *Commissioner v. Bosch's Estate*, 387 U.S. 456, 465 (1967) (citations and internal quotation marks omitted) (alterations in original); *see also, e.g., United States v. WB/Stellar IP Owner LLC*, 800 F. Supp. 2d 496, 512 (S.D.N.Y. 2011), *aff'd sub nom. United States v. Glenn Gardens Assocs., L.P.*, 534 F. App'x 17 (2d Cir. 2013) ("[T]he New York

2

Supreme Court decision is [not] controlling."); *Brentwood Pain & Rehab. Servs., P.C. v. Allstate Ins. Co.*, 508 F. Supp. 2d 278, 293 (S.D.N.Y. 2007) ("While this Court must give 'proper regard' to state court rulings, these lower state court decisions are not controlling.").

Although the New York Supreme Court's decision is relevant to this Court's assessment of how the New York Court of Appeals would rule, *see Brentwood*, 508 F. Supp. 2d at 289, the decision's utility is limited by its brevity. The five-sentence decision does not describe the facts of the case or the duties of the receiver appointed by the arbitrator. Moreover, the limited information provided suggests that *Pursuit Capital* is distinguishable: That dispute was between two corporations, and the decision indicates that the arbitrator placed the plaintiff corporation into "a temporary receivership." Dkt. 37, Ex. A. As noted in the Court's December 2 Opinion, New York law appears to prohibit arbitrators from placing corporations into receivership because the relevant statutory provision states that "[a] receiver of the property of a corporation can be appointed *only* by the court." *See* N.Y. Bus. Corp. Law § 1202 (emphasis added). Here, by contrast, the "receiver" is essentially a collection agent, and the applicable sections of the New York code do not contain similar language limiting, to the courts, the authority to appoint receivers. *See* N.Y. C.P.L.R. §§ 5228, 6401.

The decision in *Pursuit Capital* therefore does not alter the Court's analysis whether the arbitrator's appointment of a receiver was permissible here. *See* December 2 Opinion, at 19–22. In brief, New York courts afford strong deference to arbitration awards, including the relief granted, and vacate such awards only where "the arbitrators violated an 'express limitation upon arbitral authority' or 'rewrote the contract.'" *In re Arbitration Between Coopertex, Inc. v. Rue De Reves, Inc.*, No. 89 Civ. 5748 (KMW), 1990 WL 6548, at *2 (S.D.N.Y. Jan. 22, 1990) (quoting *Local Union 1566, Int'l Bhd. of Elec. Workers v. Orange & Rockland Utils., Inc.*, 510

3

N.Y.S.2d 671, 673 (1987)); *see also, e.g., N.Y. City Transit Auth. v. Transp. Workers' Union of Am., Local 100, AFL-CIO*, 6 N.Y.3d 332, 336 (2005) ("Such an excess of power occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power."). Because TIC has not identified new controlling or persuasive authority, it has not provided a basis for reconsideration.

## CONCLUSION

For the foregoing reasons, TIC's motion for reconsideration is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 37.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 14, 2015
New York, New York